UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHARLES EDWARD SKIPP,

    Defendant.

_____/

Hon. Janet T. Neff

Case No. 1:19-cr-00244

**REPORT AND RECOMMENDATION**

Pursuant to W.D. MICH. L.CR.R. 11.1, I conducted a plea hearing in the captioned case on February 6, 2020, after receiving the written consent of defendant and all counsel. At the hearing, defendant Charles Edward Skipp entered a plea of guilty to Counts 1-10 of the Superseding Information in exchange for the undertakings made by the government in the written plea agreement. In Count 1 of the Superseding Information, defendant is charged with felon in possession of firearms, in violation of 18 U.S.C.§ 922(g); count 2 charges him with stealing firearms from a licensed firearm dealer, in violation of 18 U.S.C.§ 922(u); count 3 charges him with retaliating against an informant, in violation of 18 U.S.C.§ 1513(b)(2); count 4 charges him with discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C.§ 924(c)(1)(A)(iii); count 5 charges him with knowing transfer of firearms for use in a crime of violence, in violation of 18 U.S.C.§ 924(h);count 6 charges him with aiding and abetting retaliating against an informant, in violation

of 18 U.S.C.§§ 2 and 1513(b)(2); count 7 charges him with aiding and abetting arson in the commission of a federal felony, in violation of 18 U.S.C.§§ 2 and 844(h); count 8 charges him with attempt to possess with intent to distribute heroin, in violation of 21 U.S.C.§§ 841(a)(1), 841(b)(1)(C), and 846; count 9 charges him with discharging a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.§ 924(c)(1)(A)(iii); and count 10 charges him with knowing transfer of a firearm for use in a drug trafficking crime, in violation of 18 U.S.C.§ 924(h).

On the basis of the record made at the hearing, I find that defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

Accordingly, I recommend that defendant's plea of guilty to Counts 1-10 of the Superseding Information be accepted, that the court adjudicate defendant guilty, and that the written plea agreement be considered for acceptance at the time of sentencing. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

Date: February 7, 2020                    /s/ Phillip J. Green
                                          PHILLIP J. GREEN
                                          United States Magistrate Judge

**NOTICE TO PARTIES**

You have the right to <u>de</u> <u>novo</u> review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than 14 days after the plea hearing. *See* W.D. MICH. L.CR.R. 11.1(d).

3